**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MARYLAND CASUALTY COMPANY, | : | CIVIL ACTION NO. 11-2318 (MLC) |
| Plaintiff, | : | **O P I N I O N** |
| v. | : |  |
| ALPHA PSI CHI, INC., et al., | : |  |
| Defendants. | : |  |

**FLORIAN SMITH'S MOTOR VEHICLE** collided with Joseph Martin's motor vehicle in December 2010; Florian Smith died due to the injuries suffered in the collision ("Collision").  See Smith v. Martin, No. L-1582-11 (N.J. Super. Ct., Mercer County) ("State Ct. Dkt.").  In February or March 2011, Linda Smith, on behalf of the Estate of Florian Smith and pursuant to the New Jersey Tort Claims Act, filed a notice of claim naming, among others, Alpha Psi Chi, Inc. ("APC"), which is a college fraternity where Martin allegedly became intoxicated before the Collision.  Id.

**APC'S INSURER** — Maryland Casualty Company ("MCC") — brought this action in April 2011 pursuant to 28 U.S.C. § ("Section") 1332 against APC and the Estate of Florian Smith for a judgment declaring that MCC is not obligated to defend and indemnify APC in a potential civil action instituted against APC ("Declaratory Judgment Action").  (See id.)

**LINDA SMITH** brought an action in New Jersey state court ("State Tort Action") in June 2011 to recover damages for, inter

alia, Florian Smith's personal injuries and wrongful death. See State Ct. Dkt. Linda Smith named as defendants in the State Tort Action, among others, (1) Martin, and (2) an entity listed as "DEF College/Fraternity", which refers to APC. Id. The State Tort Action remains pending. Id.[1]

**MCC** could either (1) be named in the State Tort Action as a defendant, as a third-party defendant, or in some other capacity, or (2) bring the declaratory-judgment claims in the appropriate state court and seek to have them consolidated with the State Tort Action. A determination as to any claim in the Declaratory Judgment Action would necessarily affect — and thus interfere with — the State Tort Action. As a result, this Court must abstain from adjudicating the Declaratory Judgment Action. See Wilton v. Seven Falls Co., 515 U.S. 277, 280-90 (1995) (upholding Brillhart v. Excess Ins. Co., 316 U.S. 491 (1942)); see also Atl. Mut. Ins. Co. v. Gula, 84 Fed.Appx. 173, 174-75 (3d Cir. 2003) (affirming judgment dismissing complaint for, inter alia, reasons discussed above).

**THE DECLARATORY JUDGMENT ACTION** (1) is, as the Court's shorthand reference suggests, a declaratory-judgment action

---

[1] Five of the parties appearing in some capacity in the Declaratory Judgment Action are represented by counsel. Counsel failed to advise the Court that the State Tort Action was pending, in violation of Local Civil Rule 11.2. The Court discovered that the State Tort Action was pending through independent research.

involving insurance-coverage issues under state law, (2) concerns issues that will be raised in the State Tort Action, and (3) could be adjudicated by the same judge overseeing the State Tort Action.  As a result, the Complaint in the Declaratory Judgment Action should be dismissed.  See Williams v. State Auto Prop. & Cas. Ins. Co., No. 08-4983, 2009 WL 1119502, at *2-3 (E.D. Pa. Apr. 24, 2009) (declining to exercise jurisdiction over declaratory-judgment action concerning insurance coverage, and noting "the possibility of interfering with the state court cases regarding the same matter is substantial" because the conduct of certain parties would need to be addressed in both the underlying state action and the declaratory-judgment action).  The dismissal will be without prejudice to MCC to recommence the Declaratory Judgment Action in the appropriate state court within 30 days, as the limitations period is tolled by the filing of a federal complaint.  See Jaworowski v. Ciasulli, 490 F.3d 331, 333-36 (3d Cir. 2007); Galligan v. Westfield Ctr. Serv., 82 N.J. 188, 191-95 (1980).

**IT IS** "irrelevant" that the Declaratory Judgment Action may have been brought earlier than the State Tort Action.  See State Auto Ins. Cos. v. Summy, 234 F.3d 131, 136 (3d Cir. 2001) (directing district court to dismiss insurer's declaratory-judgment complaint, even though it was filed before insured brought state-court action); see Empire Fire & Marine Ins. Co. v.

3

Bennett, No. 05-4097, 2006 WL 932176, at *3 (D.N.J. Apr. 10, 2006) (declining to exercise jurisdiction in insurer's declaratory-judgment action based on other party's mere "stated intent" to bring state-court action).  The Court, in view of the pending State Tort Action, must "promote judicial economy by avoiding duplicative and piecemeal litigation".  Summy, 234 F.3d at 135.  It appears that "[t]he desire of insurance companies and their insureds to receive declarations in federal court on matters of purely state law has no special call on the federal forum".  Id. at 136.  For good cause appearing, the Court will issue an appropriate order and judgment.[2]

                                                s/ Mary L. Cooper
                                                **MARY L. COOPER**
                                                United States District Judge

Dated:   December 6, 2011

---

[2]  MCC is advised, as to the claims for declaratory relief, that the Declaratory Judgment Act, Section 2201-2202, "does not and cannot serve as an independent basis for federal jurisdiction".  TIG Ins. Co. v. Reliable Research Co., 334 F.3d 630, 634 (7th Cir. 2003); see Terra Nova Ins. Co. v. 900 Bar, 887 F.2d 1213, 1218 n.2 (3d Cir. 1989) (same).